GULF & S. I. R. Co. *v.* McLEOD.*

(Division A.   Oct. 1, 1928.)

[118 So. 374.   No. 27245.]

---

*Corpus Juris-Cyc. References:   Corporations, 14aCJ, section 2257, p. 407, n. 22;   Railroads, 33Cyc, p. 865, n. 20.

*T. J. Wills,* for appellant.

*W. A. Tew, D. A. McLeod* and *E. L. Calhoun,* for appellee.

McGowen, J. In the circuit court, E. W. McLeod, appellee, sued the Gulf & Ship Island Railroad Company, appellant, for damages on account of personal injuries sustained while he was loading a car with logs at Mt. Olive, in that the agents of the railroad company started the car to rolling so that it rolled down the incline of the track, propelling the car in which he was working, throwing him down and injuring him. There was a verdict and judgment in the lower court in the sum of three hundred and fifty dollars.

The only assignment of error seriously urged here by appellant, the railroad company, is the refusal of the lower court to grant it a requested peremptory instruction. The only question presented by the record is whether or not the injury was the result of the act of any agent of the railroad company. The essential facts on this question are as follows: John Mathis, a drayman for the Lampton-Rawls Company, at that time, and for sixteen years prior to said injury, was, on that date, driving his truck to the depot to procure freight, and, on reaching the depot, found a freight car chocked by the side of the depot, which made it necessary for him to load the freight from the depot through the car onto his own truck from the open door of the warehouse, or else

to move car so that freight might be more conveniently handled by him in loading. Lomax Mangum, a man twenty-one years of age, was employed by the Western Union Telegraph Company as its messenger boy, his duties being to receive from the agent, A. L. Rayburn, messages for delivery to the sendees thereof, to be received and delivered by the Western Union Telegraph Company. Rayburn was employed as depot agent for the railroad company, as agent of the American Railway Express Company, and likewise as agent for the Western Union Telegraph Company. These three corporations, according to the proof, at Mt. Olive constituted separate corporate entities, not connected with each other, except by such contracts with reference to services each should render to the others. The man, Mangum, was paid the sum of twenty dollars a month as messenger boy. There is no dispute but that Mathis, the drayman for Lampton-Rawls Company, requested Mangum, who was about the premises, to assist him in "pinching" the car down the track from opposite the freight room door, and also requested Mangum to get on top of the car and handle the brake. The car in question was coupled to another car, and, before it could be moved, it had to be uncoupled. The drayman, with a crowbar, "pinched" the car toward the car to which it was coupled and unloosed it, then removed the chocks, and the car began to roll. The evidence shows that the track was down grade toward the car in which McLeod was working, and that Mangum failed to check the car when it was set in motion, and it went against another car with force, which car struck with force the gondola car in which McLeod was working, and, as a result of the impact of the cars, McLeod was thrown from an upright position and then injured.

The evidence further shows that the telegraph messenger boy desired to learn the railroad business, and would assist people who came to the depot in checking

out freight, delivery of freight, and in loading freight. He was not assigned any duties by Rayburn, the agent of the railroad company, or any other agent of the railroad company. No contract had been made with him, and no salary was paid him. It is shown that he waited at the depot to put on the mail, and on several occasions executed bills of lading. All the proof shows that these acts on the part of this boy were voluntary. There were two clerks employed by the railroad company to perform these services, and the young man, in his eagerness to learn and desire to work, was accommodating. It is not shown in the record that he had ever undertaken to move a car which was stationary on the company's tracks; in fact, it is shown that cars were only thus moved by operatives of the train or by Rayburn, the agent of the railroad company.

It is not shown that the moving of this car was in the ordinary course of the railroad company's business, or that it was moved by its knowledge and consent. It was moved at the instigation of the drayman for the purpose of rendering his duties in loading freight less onerous.

While it is true that agency of a corporation by individuals may be shown by circumstances, yet where no express contract is proven, the facts and circumstances must establish, by implication, that the relation of principal and agent exists between the parties sought to be charged as such. There are no such circumstances here, and neither the telegraph messenger, nor the drayman, were engaged in the railroad company's business. The moving of the car was simply for the convenience of the drayman.

Under these circumstances, the messenger boy was not the agent of the railroad company, but was the agent of the drayman, and their joint action was not the act of the railroad company. The appellant was not liable to

the appellee for such injury as he may have sustained. The peremptory instruction should have been given.

Reversed and judgment here for appellant.

*Reversed.*

